1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

11    GREGORY BENDER,                          )          Case No. C 09-01249 RMW (PVT)
                                              )
12              Plaintiff,                    )          **ORDER DENYING DEFENDANT'S**
                                              )          **MOTION TO STRIKE BUT**
13       v.                                   )          **GRANTING DEFENDANT'S MOTION**
                                              )          **TO COMPEL INFRINGEMENT**
14    INTERNATIONAL BUSINESS                   )          **CONTENTIONS**
      MACHINES CORPORATION,                    )
15                                            )
                Defendant.                    )
16    _____ )

17         Defendant International Business Machines Corporation ("IBM") filed a motion to strike or,

18    in the alternative, compel infringement contentions that comply with Patent Local Rule 3-1 against

19    Plaintiff Gregory Bender ("Bender").  Parties appeared for a hearing on March 9, 2010.  Having

20    considered the papers submitted and the oral arguments presented,

21         IT IS HEREBY ORDERED that the Court DENIES Defendant's motion to strike and

22    GRANTS Defendant's motion to compel infringement contentions that comply with Patent Local

23    Rule 3-1.  Plaintiff shall serve the amended contentions upon Defendant within 30 days following

24    issuance of this Order.

25         Defendant IBM argues that Plaintiff Bender had not fulfilled his burden of specifying in

26    sufficient detail where and how IBM's products infringe Bender's patent.  Bender contends that he

27    cannot fulfill that burden until IBM provides him with a copy of the schematics of the alleged

28    infringing products.  IBM argues that Bender should only be relieved of the Local Rule 3-1

ORDER, *page 1*

1  requirement, to identify where and how the product infringes Bender's patent, if he can show it

2  would be impossible to determine the information through reverse engineering.[1]  *See*, *e.g.*, *Network*

3  *Caching Technology, LLC v. Novell, Inc.*, 2002 U.S. Dist. LEXIS 26098, at \*20 (N.D. Cal. August

4  13, 2002).

5          A reasonable investigation before filing a patent infringement action includes comparing the

6  accused device to the asserted patent claims.  *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d

7  1295, 1301 (Fed. Cir. 2004); *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir.

8  2002); *View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000).  This court's

9  Patent Local Rules require that the "Disclosure of Asserted Claims and Infringement Contentions"

10  contain "a chart identifying specifically where each limitation of each asserted claim is found within

11  each Accused Instrumentality."  *See* Patent L.R. 3-1(c).  A high degree of specificity is required at

12  the Patent Local Rule 3-1 stage, which may require either reverse engineering or its equivalent.  *See*

13  *Network*,  2002 U.S. Dist. LEXIS 26098, at \*5 (N.D. Cal. Aug. 13, 2002); *see also InterTrust Techs*

14  *Corp. v. Microsoft Corp.,* 2003 U.S. Dist. LEXIS 22736, at \*7 (N.D. Cal. Nov. 26, 2003).

15          The present action is one of more than twenty lawsuits Plaintiff has filed in this district based

16  on the same patent.[2]  The judges in the Northern District have repeatedly found that Plaintiff's

17  infringement contentions, similar to the ones at issue here, lacked the needed level of specificity to

18

19          [1]  Plaintiff Bender has made no such showing.

20          [2]  *See Bender v. LG Electronics U.S.A., Inc.,*  2009 WL 4730900, at \*1 n.1 (N.D. Cal. Dec.
7, 2009) (*Gregory Bender v. Exar Corporation*, C 09-01140 WHA; *Gregory Bender v. Micrel, Inc.*,
21  C 09-01144 SI; *Gregory Bender v. DSP Group, Inc.*, C 09-01145 JW; *Gregory Bender v. Broadcom
Corporation*, C 09-01147 MHP; *Gregory Bender v. Advanced Micro Devices, Inc.*, C 09-01149
22  MMC; *Gregory Bender v. Trident Microsystems, Inc.*, C 09-01150 RMW; *Gregory Bender v.
National Semiconductor Corporation*, C 09-01151 JSW; *Gregory Bender v. Maxim Integrated
23  Products, Inc.*, C 09-01152 SI; *Gregory Bender v. Linear Technology Corporation*, C 09-01154 SBA;
*Gregory Bender v. Intersil Corporation*, C 09-01155 CW; *Gregory Bender v. Freescale
24  Semiconductor, Inc.*, C 09-01156 MEJ; *Gregory Bender v. STMicroelectronics Corporation*, C
09-01244 MHP; *Gregory Bender v. Motorola, Inc.*, C 09-01245 SBA; *Gregory Bender v. Sony
25  Corporation of America*, C 09-01246 CRB; *Gregory Bender v. Nokia Inc.*, C 09-01247 MMC;
*Gregory Bender v. Siemens Corporation*, C 09-01248 SI; *Gregory Bender v. International Business
26  Machines Corporation*, C 09-01249 RMW; *Gregory Bender v. Agilent Technologies, Inc.*, C 09-01250
JF; *Gregory Bender v. Cirrus Logic, Inc.*, C 09-01251 RMW; *Gregory Bender v. AT & T
27  Corporation, et al.*, C 09-01530 WHA; *Gregory Bender v. Hitachi, et al.*, C 09-01532 PJH; *Gregory
Bender v. Seagate Technologies, et al.*, C 09-01533 PJH; *Gregory Bender v. Infineon Technologies
28  North America Corp., et al.*,  C 09-02112 JW; and *Gregory Bender v. LG Electronics U.S.A. Inc.,
et al.*, C 09-02114 JF)

1    comply with Patent Local Rule 3-1.[3]  For example, Judge Illston found that Plaintiff's contentions in

2    the *Maxim* case did not comply because the claim charts did not actually specify the location of each

3    element within the accused product.  *See Bender v. Maxim Integrated Prods.*, 2010 U.S. Dist. LEXIS

4    32115, at *5 (N.D. Cal. Mar. 22, 2010).  Rather, the court found that Plaintiff's contentions were

5    based on assumptions that the 200 products contained infringing parts.  *See id.* at *6.  The court

6    instructed Plaintiff to meet "the burden of providing infringement contentions compliant with Patent

7    L.R. 3-1."  *See id.* at *7.  Similarly, in the *Broadcom* case, Judge Patel found that Plaintiff's

8    contentions were "impermissibly vague."  *See Bender v. Broadcom Corp.*, 2010 U.S. Dist. LEXIS

9    28336, at *4 (N.D. Cal. Mar. 22, 2010).  In relation to the specificity of the claims, the court found

10   that Plaintiff "has made no attempt to demonstrate whether the identified component [in the accused

11   devices] even contains [the patented invention]."  *See id.* at *3.  Plaintiff's infringement contentions

12   in the present case are no better.  An order compelling adequate infringement contentions is thus

13   warranted.

14          The court will not strike plaintiff's contentions at this time.  However, absent a good cause,

15   this shall be Plaintiff's final opportunity to amend his contentions.

16   Dated: *5/26/10*

17

18          PATRICIA V. TRUMBULL

19          United States Magistrate Judge

20

21

22

23

24

25

26

27

28

---

[3]  *See, e.g., Gregory Bender v. Maxim Integrated Products, Inc.*, C 09-01152 SI; *Gregory Bender v. Freescale Semiconductor, Inc.*, C 09-1156 PHJ; *Gregory Bender v. Micrel Incorporated*, C 09-01144 SI.